MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**THE BOURASSA LAW GROUP**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
trichards@bourassalawgroup.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HEATHER LITTLEFIELD, an individual, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| JACKPOT JOANIES T.J., LLC; JACKPOT JOANIES C.R., LLC; JACKPOT JOANIES E.H., LLC; JACKPOT JOANIES, FP, LLC; ECLIPSE GAMING SHMP, LLC; and MAR-LAR-CHAR, INC., | |
| Defendants. | |

Plaintiff HEATHER LITTLEFIELD, (hereinafter referred to as "Plaintiff"), by and through her attorneys of record, The Bourassa Law Group, on behalf of herself and all other persons similarly situated, alleges upon knowledge as to herself and their own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for damages arising from violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., the Nevada Constitution, Article 15, Section 16.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked under 29 U.S.C. § 216 and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367

3.      Venue in this District is proper because Plaintiff and JACKPOT JOANIES T.J., JACKPOT JOANIES C.R., JACKPOT JOANIES E.H., JACKPOT JOANIES FP, and ECLIPSE GAMING SHMP, all Nevada Limited Liability Companies and MAR-LAR-CHAR, a Nevada corporation (collectively "Defendants") reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

4.      Plaintiff is, and at all times pertinent hereto was, a natural person who resides in Clark County, Nevada.

5.      Upon information and belief, at all times pertinent hereto, JACKPOT JOANIES T.J., LLC is and was a Nevada Limited Liability Company with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County, Nevada.

6.      Upon information and belief, at all times pertinent hereto, JACKPOT JOANIES C.R., LLC is and was a Nevada Limited Liability Company with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County.

7.     Upon information and belief, at all times pertinent hereto, JACKPOT JOANIES E.H., LLC is and was a Nevada Limited Liability Company with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County.

8.     Upon information and belief, at all times pertinent hereto, JACKPOT JOANIES FP, LLC is and was a Nevada Limited Liability Company with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County.

9.     Upon information and belief, at all times pertinent hereto, ECLIPSE GAMING SHMP, LLC is and was a Nevada Limited Liability Company with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County, Nevada.

10.    Upon information and belief, at all times pertinent hereto, MAR-LAR-CHAR, INC. is and was a Nevada Corporation with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County, Nevada.

11.    JACKPOT JOANIES T.J., JACKPOT JOANIES C.R., JACKPOT JOANIES E.H., JACKPOT JOANIES FP, ECLIPSE GAMING SHMP, and MAR-LAR-CHAR are collectively referred to herein as "Defendants."

12.    At all times relevant herein, Defendants were employers engaged in commerce under the FLSA, 29 U.S.C. section 201 *et seq*., and employers under NRS 608.011.

13.    Defendants, and each of them, in doing the acts and omissions alleged herein, acted individually and/or through their officers, agents, employees and co-conspirators, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

14.    At all times relevant herein, each Defendant sued herein, was the owner, partner, shareholder, manager, officer, director, agent, servant, employee and/or alter ego of his, her or its

co-Defendants and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such owner, partner, shareholder, manager, officer, director, agent, servant, employee and/or alter ego and  with the permission, consent and/or ratification of his, her or its Defendants; and that each of said fictitiously named defendants, whether an individual, corporation, association or otherwise, is in some way liable or responsible to Plaintiff on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

**GENERAL ALLEGATIONS**

15.     At all times relevant to this Complaint, Plaintiff was employed by Defendants as a bartender.

16.     Plaintiff worked for Defendants at their multiple "Jackpot Joanies" locations for two and one-half years, at which point Plaintiff's employment was terminated.

17.     Although Plaintiff and other bartenders regularly worked over eight (8) hours per day and/or forty (40) hours per week, Defendants failed to compensate their bartenders for all hours worked, and employed a system to prevent them from being paid overtime.

18.     Plaintiff and Defendants' other bartenders were regularly required to work double shifts, but these double shifts were split between Defendants' different Jackpot Joanies locations. Consequently, although Plaintiff and the other bartenders were working for the same establishment for more than forty (40) hours per week, they were moved from one Jackpot Joanies location to another, each with their own payroll system, so that Defendants could avoid paying bartenders overtime wages.

19.     Defendants also required Plaintiff and other bartenders to clock in as a different employee to avoid overtime pay.  Specifically, if a bartender was approaching a forty (40) hour week at a particular location, the bartender was required to clock out and clock in as a different employee who had worked fewer hours.  It was not only up to Plaintiff and the other bartenders

- 4 -

to find another employee whose time card he or she could use, but the other employee was expected to pay the bartender for time worked under his or her time card.

20.    In addition to preventing Plaintiff from being properly compensated for overtime, Defendants required Plaintiff and the other bartenders to work without being paid at all.  Plaintiff and the other bartenders performed work, including inventory and other duties, without pay. Plaintiff and the other bartenders were also required to work parties for clients where they not only were not paid for their time, they were expected to bring food and/or beverages to serve the clients.

21.    As a result of Defendants' policies, Plaintiff and Defendants' other bartenders were not properly paid for time worked and overtime in violation of the FLSA and the Nevada Constitution, Article 15, Section 16.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.    Plaintiff brings this lawsuit as a Collective Action under the FLSA on behalf of all persons who, at any time within the applicable limitations period, were employed by Defendants as bartenders (the "Collective Class").

23.    Questions of law and fact common to the Collective Class as a whole include, but are not limited to, the following:

        a.   Whether Defendant failed to compensate the Collective Class for all regular and overtime hours worked as required by the FLSA;

        b.   Whether Defendant's actions were willful pursuant to 29 U.S.C. § 255(a);

        c.   Whether Defendant's actions were in good faith; and

        d.   Whether Defendant is liable to the Collective Class.

24.    The first and second causes of action for violations of the FLSA may be brought and maintained as an "opt in" Collective Action pursuant to 29 U.S.C. § 216(b).

25.     Plaintiff and the other members of the Collective Class are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, and failing to fully pay for all regular and overtime in violation of the FLSA.

## NEVADA CLASS ALLEGATIONS

26.     The Nevada Class consists of all persons who, within the applicable statutory period, were employed by Defendant as bartenders.

27.     Plaintiffs seek certification pursuant to Fed. R. Civ. P. Rule 23 for the Nevada Class.  Plaintiff is informed and believes, and thereon alleges, that the Nevada Class is so numerous that joinder of all members would be impractical.

28.     There are questions of law and fact common to the Nevada Class. Common questions of law and fact include, but are not limited to, the following:

         a.  Whether Defendant failed to compensate the Nevada Class for all hours worked as required NRS § 608.016;

         b.  Whether Defendant failed to pay minimum wage to the Nevada Class as required by the Nevada Constitution, Article 15, Section 16; and

         c.  Whether Defendant converted the wages of the Nevada Class through improper deductions from wages.

29.     Plaintiff's claims are typical of those of the members of the Nevada Class. All are based on the same facts and legal theories.

30.     Plaintiff will fairly and adequately represent the interests of the members of the Nevada Class and has retained counsel experienced in handling class actions and employment claims.

31.     Questions of law and fact common to the Nevada Class predominate over any questions affecting individual members of the Nevada Class, and the interests of justice and judicial efficiency will be best served by bringing this action as a class action.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Minimum Wage and Overtime**
**in Violation of the FLSA, 29 U.S.C. § 201 *et seq.***
**By Plaintiff and the Collective Class Against all Defendants**

32.     Plaintiff hereby incorporates by reference paragraphs 1-32 above as if fully forth herein.

33.     Defendants are engaged in commerce within the meaning of 29 U.S.C. § 203(b).

34.     29 U.S.C. § 206(a)(1) provides that an employer must pay its employees at a rate not less than minimum wage for all hours work.  Pursuant to 29 U.S.C. § 207(a)(1), Plaintiff and the Collective Class are also entitled to wages at a rate of not less than one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40).

35.     During the Collective Class Period, Plaintiff and the Collective Class were not compensated at the rate of at least minimum wage for all hours worked.

36.     At all relevant times, Defendants failed to pay Plaintiff and the Collective Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by the FLSA.

37.     Defendants' conduct as alleged herein constitutes a willful violation within the meaning of 29 U.S.C. § 255(a).

38.     As a result of Defendants' failure to pay Plaintiff and the Collective Class for all regular and overtime hours worked, Plaintiff and the Collective Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

39.     Defendants' conduct as alleged herein was not in good faith, and therefore Plaintiff and the Collective Class are entitled to liquidated damages pursuant to 29 U.S.C. § 216(b).

40.     It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim, and Plaintiff and the members of the Collective Class are entitled to recover reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**FAILURE TO PAY MINIMUM WAGE**
**(Nev. Const. Art. 15, § 16)**
**By Plaintiff and the Nevada Class against all Defendants**

41.     Plaintiff hereby incorporates by reference paragraphs 1-40 above as if fully set forth herein.

42.     Article 15, Section 16 of the Nevada Constitution requires that Defendants pay Plaintiff and the Nevada Class an hourly minimum wage for each hour worked.

43.     However, Defendants failed to pay Plaintiff and the Nevada Class and an amount equal to minimum wage for each hour worked.  Instead, Defendants regularly required Plaintiff and the Nevada Class to work "off the clock."

44.     As a result of Defendants' failure to pay Plaintiff and the Nevada Class for all regular and overtime hours worked, Plaintiff and the Nevada Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

45.     Defendants' conduct in failing to pay Plaintiff and the Nevada Class for all hours worked was malicious and undertaken with the intent to defraud and oppress Plaintiff and the Nevada Class, thus warranting the imposition of punitive damages pursuant to NRS § 42.005 sufficient to punish and embarrass Defendants thereby deterring such conduct by them in the future.

46.     It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim, and Plaintiff and the members of the Nevada Class are entitled to recover reasonable attorneys' fees and costs pursuant to Nev. Const. Art. 15, § 16.

**FIFTH CLAIM FOR RELIEF**
**CONVERSION**
**By Plaintiff and the Nevada Class Against All Defendants**

47.     Plaintiff hereby incorporates by reference paragraphs 1-46 above as if fully set forth herein.

48.     Plaintiff had a right to possession of all wages earned by them as an employee of Defendants.

49.     Defendants intentionally and substantially interfered with Plaintiff's and the Nevada Class' right to possession of their earned wages by failing to pay any wage, let alone minimum wage for client parties and by forcing Plaintiff to clock in as someone else instead of earning overtime pay.

50.     Plaintiff and the Nevada Class was harmed as a result of Defendants' conduct.

51.     As a result of Defendants' failure to pay Plaintiff and the Nevada Class for all regular and overtime hours worked, Plaintiff and the Nevada Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

52.     Defendants' conduct in converting Plaintiff's and the Nevada Class' wages was malicious and undertaken with the intent to defraud and oppress Plaintiff, thus warranting the imposition of punitive damages pursuant to NRS § 42.005 sufficient to punish and embarrass Defendants thereby deterring such conduct by them in the future.

///

///

- 9 -

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief in Plaintiff's favor, and on behalf of the Classes, and that judgment be entered against Defendant for the following:

(1)     For an order conditionally certifying the Collective Class as a collective action and certifying the Collective Class as alleged herein;

(2)     For an order certifying the Nevada Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(3)     Designation of Plaintiff as the class representative for the Collective Class and the Nevada Class;

(4)     Compensatory damages for Plaintiff and the Classes;

(5)     For liquidated damages on behalf of Plaintiff and the Collective Class pursuant to 29 U.S.C. § 216(b);

(6)     For exemplary damages on behalf of Plaintiff and the Nevada Class;

(7)     For disgorgement and/or restitution as the Court deems appropriate, just, and proper;

(8)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(9)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

///

- 10 -

1     (10)    For any and all other relief this Court may deem appropriate.

2     DATED this 3rd day of March, 2016.

3                                          **THE BOURASSA LAW GROUP**

4

5                                          */s/ Mark J. Bourassa, Esq.*
                                           MARK J. BOURASSA, ESQ.
6                                          Nevada Bar No. 7999
                                           TRENT L. RICHARDS, ESQ.
7                                          Nevada Bar No. 11448
                                           8668 Spring Mountain Rd., Suite 101
8                                          Las Vegas, Nevada 89117
                                           Tel: (702) 851-2180
9                                          Fax: (702) 851-2189
                                           mbourassa@bourassalawgroup.com
10                                         trichards@bourassalawgroup.com
                                           *Attorneys for Plaintiff*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28