MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**BOURASSA LAW GROUP**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@blgwins.com
trichards@blgwins.com
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HEATHER LITTLEFIELD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JACKPOT JOANIES T.J., LLC; JACKPOT JOANIES C.R., LLC; JACKPOT JOANIES E.H., LLC; JACKPOT JOANIES, FP, LLC; ECLIPSE GAMING SHMP, LLC; and MAR-LAR-CHAR, INC.,<br><br>Defendants. | Case No.: 2:16-cv-00471-JAD-CWH<br><br><br>**STIPULATION TO AMEND PLEADINGS** |

Pursuant to Federal Rules of Civil Procedure Rule 15(a)(2), Plaintiff HEATHER LITTLEFIELD ("Plaintiff"), by and through her attorneys of record, Mark J. Bourassa, Esq. and Trent L. Richards, Esq. of The Bourassa Law Group, and Defendants JACKPOT JOANIES T.J., JACKPOT JOANIES C.R., JACKPOT JOANIES E.H., JACKPOT JOANIES FP, and ECLIPSE GAMING SHMP, all Nevada Limited Liability Companies and MAR-LAR-CHAR, a Nevada corporation (collectively "Defendants"), by and through their attorneys of record, Wendy Medura Krincek and Kathryn B. Blakey of Littler Mendelson, P.C., hereby stipulate and agree as follows:

1.      Plaintiff filed her Complaint against the Defendants in this matter on March 2, 2016 [Doc. No. 1].

2.      Defendants filed their Answer to the Complaint on April 21, 2016.  Defendants did not include a counterclaim in their Answer.

3.      The Parties timely exchanged Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule 26.

4.      Based upon information in the Initial Disclosures provided by Defendants, Plaintiff wishes to amend her Complaint to add additional facts with respect to her claims.  In addition, Plaintiff wishes to add Nicholas Panaro as an additional plaintiff.  A copy of Plaintiff's proposed First Amended Complaint is attached hereto as **Exhibit 1**.

5.      In addition, Defendants wish to amend their Answer in this matter to include a Counterclaim against Plaintiff.

6.      The deadline to add parties and amend pleadings pursuant to the Scheduling Order in this matter [Doc. No. 18] is July 20, 2016.  Therefore, the Parties' requests to amend their pleadings is timely.

///

///

///

///

///

///

///

///

- 2 -

1      7.    Therefore, the Parties hereby stipulate and agree that Plaintiff shall be permitted to

2   file the First Amended Complaint attached hereto as **Exhibit1**.  The First Amended Complaint shall

3   be deemed filed as of the date of the Court's Order on this Stipulation.  Defendants may then file a

4   responsive pleading thereto within 21 days of the date of the Court's Order on this Stipulation.

5      **IT IS SO STIPULATED.**

6

7   Dated: July 19, 2016               Dated: July 19, 2016

8   **THE BOURASSA LAW GROUP**      **LITTLER MENDELSON, P.C.**

9

10  *s/s Mark J. Bourassa, Esq.*         *s/s Kathryn B. Blakey*
    MARK J. BOURASSA, ESQ.       WENDY MEDURA KRINCEK, ESQ.

11  Nevada Bar No. 7999            Nevada Bar No. 6417
    TRENT L. RICHARDS, ESQ.      KATHRYN B. BLAKEY, ESQ.

12  Nevada Bar No. 11448           Nevada Bar No. 12701
    8668 Spring Mountain Road, Suite 101   3960 Howard Hughes Parkway, Suite 300

13  Las Vegas, Nevada 89117       Las Vegas, NV 89169-5937
    *Attorneys for Plaintiff*          *Attorneys for Defendants*

14

15                      **ORDER**

16               IT IS SO ORDERED.

17

18               _____
                 United States Magistrate Judge

19               Dated:_____
                 July 25, 2016

20

21

22

23

24

25

26

27

28

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**THE BOURASSA LAW GROUP**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
trichards@bourassalawgroup.com
*Attorney for Plaintiffs*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| HEATHER LITTLEFIELD, an individual, and NICHOLAS PANARO, an individual, on behalf of themselves and all other persons similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>JACKPOT JOANIES T.J., LLC; JACKPOT JOANIES C.R., LLC; JACKPOT JOANIES E.H., LLC; JACKPOT JOANIES, FP, LLC; ECLIPSE GAMING SHMP, LLC; and MAR-LAR-CHAR, INC.,<br><br>    Defendants. | Case No.: 2:16-cv-00471-JAD-CWH<br><br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs HEATHER LITTLEFIELD and NICHOLAS PANARO (hereinafter referred to as "Plaintiffs"), by and through their attorneys of record, The Bourassa Law Group, on behalf of themselves and all other persons similarly situated, alleges upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters, bring this amended complaint against the above-named defendants and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1.      Plaintiffs bring this action for damages arising from violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., the Nevada Constitution, Article 15, Section 16.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked under 29 U.S.C. § 216 and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367

3.      Venue in this District is proper because Plaintiff and JACKPOT JOANIES T.J., JACKPOT JOANIES C.R., JACKPOT JOANIES E.H., JACKPOT JOANIES FP, and ECLIPSE GAMING SHMP, all Nevada Limited Liability Companies and MAR-LAR-CHAR, a Nevada corporation (collectively "Defendants") reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

4.      Plaintiff HEATHER LITTLEFIELD is, and at all times pertinent hereto was, a natural person who resides in Clark County, Nevada.

5.       Plaintiff NICHOLAS PANARO is, and at all times pertinent hereto was, a natural person who resides in Clark County, Nevada.

6.      Upon information and belief, at all times pertinent hereto, JACKPOT JOANIES T.J., LLC is and was a Nevada Limited Liability Company with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County, Nevada.

7.      Upon information and belief, at all times pertinent hereto, JACKPOT JOANIES C.R., LLC is and was a Nevada Limited Liability Company with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County.

8.      Upon information and belief, at all times pertinent hereto, JACKPOT JOANIES E.H., LLC is and was a Nevada Limited Liability Company with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County.

9.      Upon information and belief, at all times pertinent hereto, JACKPOT JOANIES FP, LLC is and was a Nevada Limited Liability Company with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County.

10.     Upon information and belief, at all times pertinent hereto, ECLIPSE GAMING SHMP, LLC is and was a Nevada Limited Liability Company with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County, Nevada.

11.     Upon information and belief, at all times pertinent hereto, MAR-LAR-CHAR, INC. is and was a Nevada Corporation with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County, Nevada.

12.     JACKPOT JOANIES T.J., JACKPOT JOANIES C.R., JACKPOT JOANIES E.H., JACKPOT JOANIES FP, ECLIPSE GAMING SHMP, and MAR-LAR-CHAR are collectively referred to herein as "Defendants."

13.     At all times relevant herein, Defendants were employers engaged in commerce under the FLSA, 29 U.S.C. section 201 *et seq*., and employers under NRS 608.011.

14.     Defendants, and each of them, in doing the acts and omissions alleged herein, acted individually and/or through their officers, agents, employees and co-conspirators, each of whom

was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

15.     At all times relevant herein, each Defendant sued herein, was the owner, partner, shareholder, manager, officer, director, agent, servant, employee and/or alter ego of his, her or its co-Defendants and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such owner, partner, shareholder, manager, officer, director, agent, servant, employee and/or alter ego and  with the permission, consent and/or ratification of his, her or its Defendants; and that each of said fictitiously named defendants, whether an individual, corporation, association or otherwise, is in some way liable or responsible to Plaintiff on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

## **GENERAL ALLEGATIONS**

16.     At all times relevant to this Complaint, Plaintiffs were employed by Defendants as bartenders.

17.     Plaintiff Littlefield worked for Defendants at their multiple "Jackpot Joanies" locations.

18.     Although Plaintiffs and other employees regularly worked over eight (8) hours per day and/or forty (40) hours per week, Defendants failed to compensate their employees for all hours worked, and failed to pay employees at least time and one half for all hours worked in excess of forty (40) per week.

19.     Defendants also engaged in a scheme to make it appear as though its employees were not working overtime.  Plaintiffs, and Defendants' other employees, were regularly required to work double shifts, but these double shifts were split between Defendants' different Jackpot Joanies locations.  Consequently, although Plaintiffs and the other employees were working for the same establishment for more than forty (40) hours per week, they were moved from one

Jackpot Joanies location to another, each with their own payroll system, so that Defendants could avoid paying bartenders overtime wages.

20.     Defendants also required Plaintiffs and other employees to clock in as a different employee, or to clock in as a "new employee" to avoid overtime pay.  Specifically, if an employee was approaching a forty (40) hour week at a particular location, the employee was required to clock out and clock back in as a different employee who had worked fewer hours, or to clock back in as a generic "new employee."  It was not only up to Plaintiffs and the other employees to find another employee whose time card he or she could use to work hours in excess or 40 per week, but the other employee was then expected to pay them out of his or her check for time worked by the other employee under his or her time card.

21.     In addition, in the event that an employee worked overtime, Rick Lowery would log into the payroll system and manually change the employee's hours to make it appear as though the employee had worked fewer hours.

22.     In addition to preventing Plaintiffs from being properly compensated for overtime, Defendants required Plaintiffs and the other employees to work without being paid at all. Plaintiffs were required to start working at least fifteen (15) minutes prior to their scheduled shifts, and frequently required to work off the clock at the end of their shifts, and while doing inventory and other duties.

23.     Per Defendants' policies, Plaintiffs and the other employees worked at parties for clients held at Jackpot Joanies facilities.  During these parties, Plaintiffs and other employees were not paid for their time, and were expected to perform their regular duties, as well as to bring food and/or beverages to serve the clients.  Plaintiff Panaro was told by his manager, Rick Lowery, that if he refused to work the parties, "another guy would love to have your job if you don't want it."

24.     As a result of Defendants' policies, Plaintiffs and Defendants' other employees were not properly paid for time worked and overtime in violation of the FLSA and the Nevada Constitution, Article 15, Section 16.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiffs bring this lawsuit as a Collective Action under the FLSA on behalf of all persons who, at any time within the applicable limitations period, were employed by Defendants as hourly, non-exempt employees (the "Collective Class").

26.     Questions of law and fact common to the Collective Class as a whole include, but are not limited to, the following:

> a.   Whether Defendant failed to compensate the Collective Class for all regular and overtime hours worked as required by the FLSA;
>
> b.   Whether Defendant's actions were willful pursuant to 29 U.S.C. § 255(a);
>
> c.   Whether Defendant's actions were in good faith; and
>
> d.   Whether Defendant is liable to the Collective Class.

27.     The first and second causes of action for violations of the FLSA may be brought and maintained as an "opt in" Collective Action pursuant to 29 U.S.C. § 216(b).

28.     Plaintiffs and the other members of the Collective Class are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, and failing to fully pay for all regular and overtime in violation of the FLSA.

## NEVADA CLASS ALLEGATIONS

29.     The Nevada Class consists of all persons who, within the applicable statutory period, were employed by Defendants in Nevada as hourly, non-exempt employees.

30.    Plaintiffs seek certification pursuant to Fed. R. Civ. P. Rule 23 for the Nevada Class.    Plaintiff is informed and believes, and thereon alleges, that the Nevada Class is so numerous that joinder of all members would be impractical.

31.    There are questions of law and fact common to the Nevada Class. Common questions of law and fact include, but are not limited to, the following:

a.    Whether Defendant failed to compensate the Nevada Class for all hours worked as required NRS § 608.016;

b.    Whether Defendant failed to pay minimum wage to the Nevada Class as required by the Nevada Constitution, Article 15, Section 16; and

c.    Whether Defendant converted the wages of the Nevada Class through improper deductions from wages.

32.    Plaintiffs' claims are typical of those of the members of the Nevada Class. All are based on the same facts and legal theories.

33.    Plaintiffs will fairly and adequately represent the interests of the members of the Nevada Class and has retained counsel experienced in handling class actions and employment claims.

34.    Questions of law and fact common to the Nevada Class predominate over any questions affecting individual members of the Nevada Class, and the interests of justice and judicial efficiency will be best served by bringing this action as a class action.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Failure to Pay Minimum Wage and Overtime**
**in Violation of the FLSA, 29 U.S.C. § 201 *et seq.***
**By Plaintiffs and the Collective Class Against all Defendants**

35.    Plaintiffs hereby incorporate by reference paragraphs 1-34 above as if fully forth herein.

36.    Defendants are engaged in commerce within the meaning of 29 U.S.C. § 203(b).

- 7 -

37.     29 U.S.C. § 206(a)(1) provides that an employer must pay its employees at a rate not less than minimum wage for all hours work.  Pursuant to 29 U.S.C. § 207(a)(1), Plaintiffs and the Collective Class are also entitled to wages at a rate of not less than one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40).

38.     During the Collective Class Period, Plaintiffs and the Collective Class were not compensated at the rate of at least minimum wage for all hours worked.

39.     At all relevant times, Defendants failed to pay Plaintiffs and the Collective Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by the FLSA.

40.     Defendants' conduct as alleged herein constitutes a willful violation within the meaning of 29 U.S.C. § 255(a).

41.     As a result of Defendants' failure to pay Plaintiffs and the Collective Class for all regular and overtime hours worked, Plaintiffs and the Collective Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

42.     Defendants' conduct as alleged herein was not in good faith, and therefore Plaintiffs and the Collective Class are entitled to liquidated damages pursuant to 29 U.S.C. § 216(b).

43.     It has been necessary for Plaintiffs to obtain the services of an attorney to pursue this claim, and Plaintiffs and the members of the Collective Class are entitled to recover reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

//

//

//

- 8 -

**SECOND CLAIM FOR RELIEF**
**FAILURE TO PAY MINIMUM WAGE**
**(Nev. Const. Art. 15, § 16)**
**By Plaintiffs and the Nevada Class against all Defendants**

44.     Plaintiffs hereby incorporate by reference paragraphs 1-43 above as if fully set forth herein.

45.     Article 15, Section 16 of the Nevada Constitution requires that Defendants pay Plaintiffs and the Nevada Class an hourly minimum wage for each hour worked.

46.     However, Defendants failed to pay Plaintiffs and the Nevada Class and an amount equal to minimum wage for each hour worked.  Instead, Defendants regularly required Plaintiffs and the Nevada Class to work "off the clock."

47.     As a result of Defendants' failure to pay Plaintiffs and the Nevada Class for all regular and overtime hours worked, Plaintiffs and the Nevada Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

48.     Defendants' conduct in failing to pay Plaintiffs and the Nevada Class for all hours worked was malicious and undertaken with the intent to defraud and oppress Plaintiffs and the Nevada Class, thus warranting the imposition of punitive damages pursuant to NRS § 42.005 sufficient to punish and embarrass Defendants thereby deterring such conduct by them in the future.

49.     It has been necessary for Plaintiffs to obtain the services of an attorney to pursue this claim, and Plaintiffs and the members of the Nevada Class are entitled to recover reasonable attorneys' fees and costs pursuant to Nev. Const. Art. 15, § 16.

//

//

//

**FIFTH CLAIM FOR RELIEF**
**CONVERSION**
**By Plaintiffs and the Nevada Class Against All Defendants**

50.     Plaintiffs hereby incorporate by reference paragraphs 1-49 above as if fully set forth herein.

51.     Plaintiffs had a right to possession of all wages earned by them as an employee of Defendants.

52.     Defendants intentionally and substantially interfered with Plaintiffs' and the Nevada Class' right to possession of their earned wages by failing to pay wages for all regular and overtime hours worked.

53.     Plaintiffs and the Nevada Class was harmed as a result of Defendants' conduct.

54.     As a result of Defendants' failure to pay Plaintiffs and the Nevada Class for all regular and overtime hours worked, Plaintiffs and the Nevada Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

55.     Defendants' conduct in converting Plaintiffs' and the Nevada Class' wages was malicious and undertaken with the intent to defraud and oppress Plaintiffs, thus warranting the imposition of punitive damages pursuant to NRS § 42.005 sufficient to punish and embarrass Defendants thereby deterring such conduct by them in the future.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief in Plaintiffs' favor, and on behalf of the Classes, and that judgment be entered against Defendants

for the following:

(1)  For an order conditionally certifying the Collective Class as a collective action and certifying the Collective Class as alleged herein;

(2)  For an order certifying the Nevada Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(3)  Designation of Plaintiffs as the class representatives for the Collective Class and the Nevada Class;

(4)  Compensatory damages for Plaintiffs and the Classes;

(5)  For liquidated damages on behalf of Plaintiffs and the Collective Class pursuant to 29 U.S.C. § 216(b);

(6)  For exemplary damages on behalf of Plaintiffs and the Nevada Class;

(7)  For disgorgement and/or restitution as the Court deems appropriate, just, and proper;

(8)  For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(9)  For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

///

///

///

///

///

///

///

1     (10)    For any and all other relief this Court may deem appropriate.

2    DATED this ___ day of July, 2016.

3

                         **THE BOURASSA LAW GROUP**

4

5                         MARK J. BOURASSA, ESQ.

                         Nevada Bar No. 7999

6                         TRENT L. RICHARDS, ESQ.

7                         Nevada Bar No. 11448

                         8668 Spring Mountain Rd., Suite 101

8                         Las Vegas, Nevada 89117

                         Tel: (702) 851-2180

9                         Fax: (702) 851-2189

10                       mbourassa@bourassalawgroup.com

                         trichards@bourassalawgroup.com

11                       *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28