1  WENDY MEDURA KRINCEK, ESQ., Bar # 6417
   KATHRYN B. BLAKEY, ESQ., Bar # 12701
2  LITTLER MENDELSON, P.C.
   3960 Howard Hughes Parkway, Suite 300
3  Las Vegas, NV  89169-5937
   Telephone:     702.862.8800
4  Fax No.:        702.862.8811
   E-mail:          wkrincek@littler.com
5  E-mail:          kblakey@littler.com

6  Attorneys for Defendants
   JACKPOT JOANIES T.J., LLC; JACKPOT JOANIES C.R., LLC; JACKPOT JOANIES E.H., LLC;
7  JACKPOT JOANIES, FP, LLC; ECLIPSE GAMING SHMP, LLC; AND MAR-LAR-CHAR, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| HEATHER LITTLEFIELD, an individual; NICHOLAS PANARO, an individual, on behalf of themselves and all other person similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JACKPOT JOANIES T.J., LLC; JACKPOT JOANIES C.R., LLC; JACKPOT JOANIES E.H., LLC; JACKPOT JOANIES, FP, LLC; ECLIPSE GAMING SHMP, LLC; AND MAR-LAR-CHAR, INC.,<br><br>Defendants. | Case No. 2:16-cv-00471-JAD-CWH<br><br>JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
|---|---|

Plaintiffs Heather Littlefield and Nicholas Panaro (the "Plaintiffs") on behalf of themselves and all others similarly situated, and defendants JACKPOT JOANIES T.J., LLC; JACKPOT JOANIES C.R., LLC; JACKPOT JOANIES E.H., LLC; JACKPOT JOANIES, FP, LLC; ECLIPSE GAMING SHMP, LLC; AND MAR-LAR-CHAR, INC. (the "Defendants") hereby submit this Joint Motion for Final Approval of Class Action Settlement.

I. **INTRODUCTION**

On March 2, 2017, the Court entered an order granting the parties' Joint Motion for Preliminary Approval of Class Action Settlement. ECF No. 47. The order preliminarily approved the settlement

agreement, conditionally certified the settlement class, approved distribution of notice of preliminary approval, confirmed the selection of CPT Group, Inc. as the claims administrator, and scheduled the final approval and fairness hearing for May 9, 2017. *See id.*

The class administration procedures ordered by the Court have been properly completed, as summarized in the concurrently filed declaration from CPT Group ("Skey decl."). The notice to the class and related materials have been distributed and all deadlines for settlement class members to submit claim forms, opt out of, or submit objections to the settlement have passed. No objections were received and only one class members opted out.

On April 6, 2017, plaintiffs filed a motion for approval of class counsel's attorney's fees and litigation expenses, class representative enhancement awards, and settlement administration costs. *See* ECF No. 50. No class members have objected to the proposed fees, costs, and enhancement awards. These facts support final approval of the settlement. Therefore, the parties request final approval of their settlement.

## II.   SUMMARY OF NOTICE PROCESS

A summary of the litigation, terms of the Settlement Agreement, and fairness and adequacy of the settlement are set forth in the parties' motion for preliminary approval and related declarations, which the parties incorporate by reference. ECF No. 42.

Pursuant to the Preliminary Approval Order, on March 3, 2017, defendants provided CPT Group with the last known addresses of all settlement class members. ECF No. 49 ¶ 4. On March 31, 2017, CPT Group mailed 148 settlement notice packets, in the form approved by the Court. *Id.*, ¶ 6. Of the settlement packets initially mailed to class members, 29 were returned. Skey decl. ¶ 3. For each of these 29 returned packets, CPT Group performed an address search and was able to locate and re-mail notices for 28 of them. *Id.* ¶ 9  In the end, CPT Group is aware of only 5 class members whose notice packets were undeliverable. *Id.* ¶ 10.

The notice provided that class members had until May 1, 2017 to request exclusion from or object to the settlement. *Id.*, ¶ 4. CPT Group received one request to be excluded from the settlement and none of the 148 class members have objected to it. *Id.*

Plaintiffs filed a Motion for Attorney's Fees and Costs and Plaintiffs' Service Enhancements on April 6, 2017. ECF No. 50. The basis for this motion is set forth in the accompanying memorandum and declarations and is incorporated herein.

/ / /

/ / /

## III. ARGUMENT

### A. The Court Should Grant The Parties' Request For Final Approval Of The Settlement

#### 1. Standard for final approval of a class settlement

Pursuant to Federal Rule of Civil Procedure 23, "[t]he claims . . . of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). The court must engage in a two-step process to approve a proposed class action settlement. First, the court must decide whether the proposed settlement deserves preliminary approval. *Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). Second, after notice is given to class members, the Court must determine whether final approval is warranted. *Id.* A court should approve a class settlement under Rule 23(e) "if it is fundamentally fair, adequate and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (internal quotation marks omitted); *accord In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citation omitted).

Courts in the Ninth Circuit look to the following eight factors to assess whether final approval of a settlement is warranted: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount [that is] offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). "Not all of these factors will apply to every class action settlement" and "[u]nder certain circumstances, one factor alone may prove determinative in finding sufficient grounds for court approval." *Nat'l Rural Telcomms. Coop.*, 221 F.R.D. at 525-26. Ninth Circuit courts also consider the manner by which the settlement was reached, to ensure it is not a product of fraud or collusion. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

In considering these factors, courts recognize a strong judicial policy favoring settlements, particularly in the context of complex class litigation. *See In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). There is no requirement to assess "whether the settlement is ideal or the best outcome," but only whether the settlement is "fair, free of collusion, and consistent with Plaintiff's

fiduciary obligations to the class." *Barnes v. Equinox Grp., Inc.*, No. C 10-3586 LB, 2013 WL 3988804, at *2 (N.D. Cal. Aug. 2, 1013) (citing *Hanlon*, 150 F.3d at 1027).

        2.      <u>Application of the relevant criteria</u>

            a)      <u>Relative strength of plaintiffs' claims</u>

In considering the relative strength of plaintiffs' claims, courts typically consider their decisions relating to the merits and when settlement occurs before any substantive motions are decided, courts typically find this factor neutral or consider the defenses of defendants. *Pierce v. Rosetta Stone, Ltd.*, No. C- 11-01283 SBA, 2013 WL 5402120, at *3 (N.D. Cal. Sept. 26, 2013); *Odrick v. UnionBancal Corp.*, No. C 10-5565 SBA, 2012 WL 6019495, at *3 (N.D. Cal. Dec. 3, 2012).

Here, based upon the parties' evaluation of the merits and defenses, this factor weighs in favor of final approval. Plaintiffs claim that defendants violated the Fair Labor Standards Act and Nevada wage and hour law by failing to compensate its hourly paid bartenders overtime compensation for weeks in which they worked over forty hours per week at Defendants' various locations under the theory that all Defendants are joint employers; and also that Defendants failed to compensate bartenders for alleged off-the-clock work. Defendants filed four counterclaims against Plaintiff Littlefield asserting that she stole funds from the company on various occasions, fraudulently altered Company records, and breached a contract wherein she agreed to return the stolen funds. These claims are based on disputed issues of fact and law. The settlement was reached after extensive investigation, litigation, and discovery of the claims and defenses, including interviews of potential class members, exchanging relevant documents, conducting data analyses, an extensive mediation session, and analyzing the relevant facts and law.

In sum, although plaintiffs assert that the class claims are meritorious and defendants assert their counterclaims are meritorious as well, the action certainly is not without risk. This factor thus weighs in favor of settlement.

            b)      <u>Risk, expense, and complexity of further litigation</u>

Settlement is preferable to lengthy and expensive litigation with uncertain results. *See Harris v. U.S. Physical Therapy, Inc.*, No. 2:10-cv-01508-JCM-VCF, 2012 WL 6900931, at *7 (D. Nev. Dec. 26, 2012) *report & recommendation adopted*, 2013 WL 211085 (D. Nev. Jan. 18, 2013). Barring settlement, the parties would expect to engage in further discovery. There would likely be briefing on the class certification issue and summary judgment. Trial would involve extensive testimony from numerous witnesses. And any final judgment would likely be appealed, thereby extending the duration of the litigation.

Settlement now avoids further expense and delay and guarantees a recovery to class members. Therefore, the risks and potential expense of further litigation weigh in favor of final approval, consistent with the established policy preferring settlement over further time-consuming litigation. *Harris*, 2012 WL 6900931, at *7.

        c)      <u>Risk of maintaining class status</u>

As discussed in section III.A.2.a, *supra*, plaintiffs face risk of initially obtaining and then maintaining Rule 23 class action status and maintaining collective action status if this litigation proceeds. Thus, this factor, too, favors final approval of settlement.

        d)      <u>Benefits conferred by the settlement</u>

A settlement may be fair and reasonable even where it provides only a fraction of what could have been obtained at trial. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (compromise is essence of settlement); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 & n.2 (2nd Cir. 1974) ("that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is . . . inadequate and should be disapproved").

The gross settlement fund amount of $48,000.00 is reasonable, when balanced against the possible outcome of further litigation. The net amount of approximately $26,878.53 for settlement payments to settlement class members represents a reasonable recovery for the class, even without considering the risks that class certification would be denied or that defendants would prevail on the merits. *See Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 459.

The average payout per class member will be about $145.17 (*see* Skey decl. ¶19), which is a substantial benefit. *See Williams v. Centerplate, Inc.*, No. 11-CV-2159 H-KSC, 2013 WL 4525428, at *4 (S.D. Cal. Aug. 26, 2013) (average recovery of $108 per class member in wage-hour action was "a good result for the class" and weighed in favor of final approval).

In sum, this factor weighs in favor of a finding that the terms of the settlement are fair, adequate, and reasonable.

        e)      <u>Extent of discovery completed and stage of the proceedings</u>

The amount of discovery completed affects approval of a stipulated settlement because it indicates whether the parties have had an "adequate opportunity to assess the pros and cons of settlement and further litigation." *In re Cylink Sec. Litig.*, 274 F. Supp. 2d 1109, 1112 (N.D. Cal. 2003). However, in class settlements, formal discovery is not needed where the parties have adequate information to make an informed decision about settlement. *Linney*, 151 F.3d at 1239.

As discussed in the preliminary approval motion, both parties took discovery on plaintiffs' class and individual claims and defendants' counterclaims, including the exchange of hundreds of pages of documents and interviewing several witnesses, including the named plaintiffs, and analyzing the relevant facts and laws. ECF No. 42. This information was more than sufficient for the parties to evaluate the strengths and weaknesses of plaintiff's claims and class position. *See Eisen v. Porsche Cars N. Am., Inc.*, No. 2:11-cv-09405-CAS-FFMx, 2014 WL 439006, at *4 (C.D. Cal. Jan. 30, 2014) (approving settlement despite limited discovery, since parties had ample information to evaluate asserted claims and defenses); *Odrick v. UnionBancal Corp.*, 2012 WL 6019495, at *4 (same).

f) <u>Experience and views of plaintiffs' counsel</u>

Because they are closely acquainted with the underlying litigation, significant "weight is accorded to the recommendation of counsel." *Nat'l Rural*, 221 F.R.D. at 528 (quoting *In re Paine Webber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997)). Plaintiffs are represented by counsel with broad experience in complex employment litigation. *See* ECF No. 42 p. 15-17. Plaintiffs' counsel recommends that the settlement be approved since they believe it is fair, reasonable, and adequate to the proposed class and because it reflects a reasoned compromise that takes into consideration the inherent risks in all employment class litigation and in particular this action. *See id.* Given the experience of the attorneys involved in this litigation, the Court should credit counsels' view that the settlement is fair, reasonable, and adequate. *See Rodriguez*, 563 F.3d at 967 (parties represented by capable counsel better positioned than courts to produce a settlement that fairly reflects each party's expected outcome).

g) <u>Presence of a governmental participant</u>

While the government is not a party to this action, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, defendants were required to provide notice of this proposed Rule 23 class settlement to the Attorney General of each of the states in which class members reside. On May 4, 2016, the defendants sent the required notices. *See* Declaration of Wendy Krincek, ¶ 3. The parties will notify the Court in the event any Attorney General objects to the settlement. Thus, this factor too favors approval of the settlement. *See Odrick*, 2012 WL 6019495, at *5.

h)Reaction of the class

The absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed settlement are favorable to the class members. *Nat'l Rural*, 221 F.R.D. at 529; *Williams v. Costco Wholesale Corp.*, No. 02cv2003 IEG (AJB), 2010 WL 2721452, at *5 (S.D. Cal. July 7, 2010). Here, more than 96 percent of the notice packages were successfully mailed. Skey decl. ¶¶ 7-10. No objections to the settlement were filed and only one class member requested to be excluded. *Id.*, ¶ 4. These facts suggest approval of the settlement by the entire class. Therefore, this factor also favors final approval of the settlement. *See Bolton v. U.S. Nursing Corp.*, No. C 12-4466 LB, 2013 WL 5700403, at *2, *4 (N.D. Cal. Oct. 18, 2013) (approving settlement where no objections filed and one of 2,765 class members requested exclusion from settlement).

i)The negotiation process was free from fraud and collusion.

The Court's inquiry into what is otherwise a private consensual agreement is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or collusion between the negotiating parties and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned. *FDIC v. Alshuler*, 92 F.3d 1503, 1506 & n.5 (9th Cir. 1996).

Here, the Court preliminarily concluded that the settlement was "fair, adequate, and reasonable" as to all potential settlement class members. ECF No. 47, ¶ 1. Nothing has changed to alter that conclusion. The parties began settlement negotiations only after sharing voluminous information, researching the relevant legal issues and analyzing the potential recovery. The parties reached agreement after a full day mediation, assisted by a mediator with extensive experience mediating wage and hour class claims. Both parties acknowledged the risks on the merits and class issue, and determined that settlement now was sensible to avoid these risks and the time and expense of further litigation. Since the parties were fully informed, engaged in arms-length negotiations, and were aided by an experienced mediator, the agreement is free from fraud and collusion. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (participation of mediator favors of finding of non-collusiveness).

In short, under the applicable standards for approval of a class action settlement under Rule 23(e), the settlement meets the standards for final approval.

/ / /

/ / /

/ / /

7

JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

IV.  CONCLUSION

For the above reasons, the proposed settlement should be finally approved by the Court. The settlement confers a substantial benefit to settlement class members, given the risks and substantial expense associated with continued litigation.

In sum, the Court should grant final approval of the settlement and order that the parties and settlement administrator implement its terms. The parties submit a proposed order incorporating those provisions.

Dated:  May 5, 2017

Respectfully submitted,


/s/ Kathryn B. Blakey, Esq.
WENDY MEDURA KRINCEK, ESQ.
KATHRYN B. BLAKEY, ESQ.
LITTLER MENDELSON, PLC.

Attorneys for Defendants
JACKPOT JOANIES, et al.

Dated:  May 5, 2017

Respectfully submitted,


/s/ Trent L. Richards, Esq.
MARK J. BOURASSA, ESQ.
TRENT L. RICHARDS, ESQ.
BOURASSA LAW GROUP

Attorneys for Plaintiffs
HEATHER LITTLEFIELD et al.

JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

CERTIFICATE OF SERVICE